### STATE v. HIRAM ROTEN.

#### *Indictment—Carrying Concealed Weapons.*

On trial of an indictment under the act of 1879, ch. 127, for carrying a
weapon concealed, it was shown that defendant had two pistols buckled
around him without scabbards and naked on a belt, on the outside of
his clothing; *Held* that the presumption of concealment raised by the
statute was rebutted and the defendant not guilty. But if the privilege of carrying arms in such a manner should be abused, the party
would be liable to indictment at common law, under the rule laid
down in *Huntley's case*, 3 Ired., 418.

(*Doggett* v. *R. R. Co*, 81 N. C., 459; *State* v. *Huntley*, 3 Ired., 418, cited
and approved.)

APPEAL from the inferior court heard at Fall Term, 1881,
of ASHE Superior Court, before *Seymour, J.*

The defendant was indicted in the inferior court of Ashe
county for carrying a pistol concealed about his person
while off his own premises.

The jury returned a special verdict which was as follows : " We find that the defendant on the 24th day of December, 1880, went to Horse Creek Store with two pistols buckled around him without scabbards and naked on a belt on the outside of his clothing, and off his own premises. If that is unlawful we find him guilty, if not, we find him not guilty." Upon this verdict the court passed sentence upon the defendant, and he appealed to the superior court, and that court held there was error, reversed the judgment below, and ordered the defendant to be discharged, from which judgment the solicitor for the state appealed to this court.

*Attorney General*, for the State.
No counsel for defendant.

ASHE, J. The defendant was indicted under the act of 1879, ch. 127, which makes it an indictable offence for a person, except on his own premises, "to carry concealed about his person any pistol, bowie-knife, dirk, dagger, slung-shot, loaded cane, brass, iron or metallic knuckles, or other deadly weapon of like kind," and the fourth section of said act, provides that, " any person being off his own premises and having upon his person any deadly weapon described in section one, such possession shall be *prima facie* evidence of the concealment thereof."

The evident intention of the legislature in passing this statute was to prohibit the pernicious practice of going secretly armed, and thereby prevent the dangerous use of deadly weapons in sudden personal conflicts, in which oftentimes an undue advantage is taken of the unwary. We see nothing in the statute that prohibits the carrying of the prescribed weapons openly about the person.

But it is contended on the part of the state that the fourth section of the act makes the possession of such a weapon *prima facie* evidence of its concealment, however carried,

whether open to view or concealed.   But what is *prima facie*
evidence of a fact?   It is simply such evidence in judgment
of law, as is sufficient to establish the fact, and if not rebut-
ted remains sufficient for the purpose.   Its effect is to shift
the burden of proof from the state to the defendant, that is
all.

Admitting the full force of the position assumed by the
state, it must be that if in the development of the evidence
of the case it should be shown that the weapon was carried
openly and in view to every one, the legal presumption
would be rebutted.   In the case of *Doggett* v. *R. R. Co.*, 81
N. C., 459, where the defendant was indicted for killing
stock under section 11, chapter 16, of Battle's Revisal, which
makes the killing or injury of ·stock by cars running on a
railroad, if prosecuted within six months, *prima facie evidence
of negligence*, this court held that the effect of the act was
"the shifting the burden of proof from the plaintiff to the
defendant, and requiring the latter to show the circum-
stances, and repel the legal presumption.   But when the
facts are fully disclosed, and there is no controversy as to
them, the court must decide whether they make out a case
of negligence, and if they fail to do this, the defendant is
not to be held liable."

When then in this case the jury in their special verdict
find that the pistol was carried by the defendant buckled
around him, without scabboard and naked in a belt, on the
outside of his clothing, the fact found by the jury repels the
*prima facie* evidence of concealment, and it was equivalent
to finding the fact, that there was no concealment, and the
court upon such a finding could not do otherwise than hold
that the state had failed to establish its charge against the
defendant.

To constitute the offense, there must be a concealment.
When the proof shows there was no concealment, there is
no violation of the statute.   It would be a contradiction in

terms to hold that a person *conceals* that which he carries about him *openly and to the view of everybody.* The legislature in our opinion never intended to make it an indictable offence to carry such arms are described in the 1st section of the act—openly and in view.

The construction here given to the statute might seem to ascribe to the legislature the intention of giving sanction to the *open* wearing of arms. The answer to that is, simply, that the legislature has not forbidden it, otherwise they would not have used the term "concealed."

If the privilege of so wearing arms should be abused, the public is protected by the common law. "The offence of riding or going armed with unusual and dangerous weapons to the terror of the people, is an offence at common law and is indictable in this state. A man may carry a gun for any lawful purpose of business or amusement, but he cannot go about with that or any other dangerous weapon to terrify and alarm, and in such manner as naturally will terrify and alarm a peaceful people. It is the wicked purpose, and the mischievous result, which essentially constitute the crime." *State* v. *Huntley*, 3 Ired., 418.

But the defendant in our case was indicted, not at common law, but for a violation of the statute, and for the reasons given we are of the opinion there was no error in the judgment of the superior court.

Let this be certified.

No error.                                     Affirmed.