## STATE v. AVERY BEAN.

(Filed 22 December, 1917.)

1. **Intoxicating Liquors — Possession — Statutes — Prima Facie Case—Presumptions—Instructions—Burden of Proof.**

Upon a trial for violating the prohibition laws of the State, when evidence is conflicting as to whether the defendant had in his possession at any one time a gallon or more of spirituous liquor, which is made prima facie evidence of its violation by chapter 44, Laws of 1913, the presumption of innocence remains with the defendant throughout, with the burden

on the State to show the fact of the possession or of the forbidden purpose; and a charge by the court that the defendant must prove to the satisfaction of the jury that he did not have it for sale, if he had it in his possession, is reversible error.

2. **Instructions—Conflicting Charge—Intoxicating Liquors—Burden of Proof —Appeal and Error.**

A charge of the court to the jury erroneously requiring the defendant to show that his possession of a gallon or more of spirituous liquor was not for forbidden purposes is not cured by an instruction elsewhere correctly given, and the conflicting instructions constitutes reversible error.

CLARK, C. J., dissenting.

INDICTMENT for unlawful retailing spirituous liquors, tried before *Justice, J.,* at August Term, 1917, of CALDWELL.

There were counts in the bill for having in possession certain spirituous and vinous liquors in quantities greater than three gallons for the purposes of sale, contrary to law, and for receiving liquors, etc., in quantities greater than one quart, etc.

There was verdict of guilty, and defendant, having duly excepted, appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*W. C. Newland and M. N. Harshaw for defendant.*

HOKE, J. Chapter 44, Laws 1913, provides that it shall be unlawful for any person other than druggists or medical depositories, duly licensed, to have in their possession for the purposes of sale spirituous, vinous or malt liquors, and makes the possession of one gallon of spirituous liquors at any one time prima facie evidence of a violation of this section of the statute.

On the record, there were facts in evidence permitting the inference that defendant had in possession at one time more than one gallon of spirituous liquors, and in reference thereto the court charged the jury as follows: "If the defendant did not have it in his possession, that ends it. He was not guilty; but if he had it in his possession when the officer went up there, then the law says that constitutes a prima facie case, that he had it in his possession for sale, and it devolves upon the defendant to prove to the satisfaction of the jury that he did not have it for sale."

To that part of the charge which says "It devolves upon the defendant to prove to the satisfaction of the jury that he did not have it for sale," the defendant excepted.

We think the exception is well taken. The power of the General Assembly to enact legislation of this character is fully established with us. *S. v. Barrett,* 138 N. C., 630.

In construing this and other statutes of like kind, however, our Court has often held that while the guilty purpose may be inferred from the fact of possession established, and the court should instruct the jury to consider the evidence in view of the artificial weight given to such possession, the presumption of innocence is also present, and if on the entire testimony there is reasonable doubt of the defendant's guilt, either as to fact of the possession or of the forbidden purpose, the defendant should be acquitted. *S. v. Wilbourne,* 87 N. C., 529; *S. v. Woodley,* 47 N. C., 276.

His Honor in the closing portion of his charge gave recognition to this position, but not sufficiently so to correct the error indicated, which appears in the body of the charge more than once, and presents a case of conflict of instructions which entitles defendant to a new trial.

In a case at the present term (*Vanderbilt v. Chapman*), *Associate Justice Allen* quotes with approval from *Horton v. R. R.,* 162 N. C., 455, as follows: "In any view of the charge of the court, there are conflicting instructions on material points and, under such circumstances, this Court should direct another trial. *Williams v. Haid,* 118 N. C., 481."

The present case is further controlled by our recent decision of *S. v. Wilkerson,* 164 N. C., 432-36-38. And under the principles of that decision and the others cited, the defendant must be awarded a new trial.

While we fully recognize that our prohibition policy as expressed in the valid statutes of the State should be enforced, we are also well assured that the rights and liberties of an independent and well-ordered citizenship are of supremest importance to our social and political life, and that the safeguards established for their preservation and protection should at all times and under all circumstances be jealously maintained.

New trial.

CLARK, C. J., dissenting: It is with the greatest reluctance always that I dissent from the views reached by my brethren. In the matter of the prohibition of the sale of intoxicating liquors and the measures necessary for its enforcement the will of the people of this State has been expressed by a referendum and by a succession of statutes, each more and more searching in its nature as the necessity to procure efficient enforcement appeared. The United States Congress has also expressed its determination to aid in the enforcement of such laws, and since the Wilson Act was construed into innocuous desuetude by a decision of the Federal Supreme Court more stringent acts have been passed, including the recent Reed-Smoot or "Bone-Dry" law, and still more lately by the submission to the States of a constitutional amendment.

The basis of our entire government, State and Federal, is that it expresses the will of the people; and when that has been made plain by statute after statute intended to make effective the enforcement of the laws against the sale of intoxicating liquors, the courts, who are merely the agents of the people as fully as legislatures or Congress or the State and Federal executives, should construe these statutes to execute the evident intent of the law-making body "to repress the evil and advance the remedy." The execution of such law should be effective, disregarding as far as possible all evasions set up by the ingenuity of counsel who, of course, represent their clients, and not the will, however clearly expressed, of the Legislature.

Laws 1913, ch. 44, provides that it shall be unlawful for any person, other than druggists or medical depositories, duly licensed, to have in their possession for the purpose of sale any spirituous, vinous or malt liquors, and makes the possession of more than one gallon of spirituous liquors at any one time *prima facie evidence* of the violation of that statute.

*Judge Justice* charged on this occasion as follows: "If he (the defendant) did not have it (the liquor) in his possession, that ends it. He was not guilty; but if he had it in his possession when the officers went up there, then the law says that constitutes a *prima facie case* that he had it in his possession for sale, and it devolves upon the defendant to prove to the satisfaction of the jury that he did not have it for sale. You have heard the testimony of the defendant bearing upon it and counsel contending upon the question of having it for sale, so that, in the first place, if you find that he had this liquor in his possession, then that would constitute *prima facie* evidence of guilt, that would be prima facie to call for testimony from the defendant, and the question upon all the testimony with that presumption of the law applying is, Has the State shown you *beyond a reasonable doubt* that he had it for sale? If it has, it is your duty to convict. However, if the State has not so satisfied you, it is your duty to return a verdict of not guilty."

It would seem that this is a substantial compliance with the formula generally used. This was the summing up and conclusion of the charge and could not be misunderstood by the jury.

It has been said by *Mr. Justice Walker* at this term in *S. v. Orr*, "The charge must always be viewed as a whole and considered in the relation of each part to every other part." This has been cited and approved by *Brown, J.*, in *Hargis v. Power Co., ante*, 31. Besides, this wholesome doctrine has been announced in many other cases.

The expression "beyond a reasonable doubt" is not a *fetish* that is superior to the power of legislation to change it, which it has done in

very many instances by making the proof beyond a reasonable doubt or admission of a certain state of facts prima facie evidence of guilt, thus throwing upon the defendant the burden of satisfying the jury that such prima facie evidence was not true, and on failure of the defendant to do this the jury, under the statute, should bring in a verdict of guilty.

From time immemorial it has been held that when willful killing with a deadly weapon is shown or admitted, the law presumes malice, and the defendant is guilty of murder unless matters in defense of mitigation are proven to the satisfaction of the jury. That doctrine is what the Legislature applied in this case to the offense of retailing liquor contrary to law, and it cannot be contended even that it is *unconstitutional* for the Legislature so to enact. Similar statutes have been passed as to many other offenses because in the opinion of the Legislature the efficient administration of justice required this to be done, and have always been held valid.

In a very able opinion in *S. v. Barrett*, 138 N. C., 630, which has been cited and approved in many cases cited in the Anno. Ed., it was held that Laws 1910, ch. 434, which made "the possession of liquor in a quantity more than one quart *prima facie* evidence of having it for sale" was valid because "the Legislature has the power to change the rules of evidence and declare that certain facts or conditions, when shown, shall constitute *prima facie* evidence of guilt."

*Connor, J.,* in that case cited many authorities in this State and elsewhere to support his conclusion. This, however, was hardly necessary, for the rules of evidence are subject to be changed by the Legislature in whatever manner it deems necessary for the suppression of crime, and such rules are more necessary to be rigorous as to some offenses than as to others, and of this discrimination the Legislature is the sole judge.

*S. v. Barrett* has been cited and approved since in many cases, among them by *Allen, J.,* in *Drainage Commissioners v. Mitchell*, 170 N. C., 325, and by *Walker, J.,* in *S. v. Randall, ibid.,* 757. In *Drainage Commissioners v. Mitchell,* just cited, *Allen, J.,* cites sundry crimes as to which the proof or admission of a certain state of facts "shall constitute prima facie evidence of guilt," the following: "Revisal, 3708, which makes the possession of a deadly weapon, named in the statute, about one's person, prima facie evidence of concealment; the statute making the possession of more than one gallon of intoxicating liquors prima facie evidence of having liquor for sale," and states that there are many other statutes, both in criminal and civil matters, which apply the same rule.

The same legislation was upheld in an opinion by *Walker, J.,* in *S. v. Randall*, 170 N. C., 757, upholding the validity of the "Search and

Seizure Act," which made the possession of more than one gallon of spirituous liquor prima facie evidence of having it for sale.

In *Fortune v. Hunt,* 149 N. C., 358, the Court held that when the law raises a presumption from a fact shown or admitted the burden to show the contrary rests upon the other side. To the same effect *Smithwick v. Moore,* 145 N. C., 110. In *Benedict v. Jones,* 129 N. C., 470, the Court went so far as to hold that the presumption that a certificate of probate was correct could be overcome only by "clear, strong, and convincing evidence." To the same effect, *Lumber Co. v. Leonard,* 145 N. C., 341, cited and approved by *Mr. Justice Hoke* in *Odum v. Clark,* 146 N. C., 550, and also in *Glenn v. Glenn,* 169 N. C., 730.

In this case, the jury found the defendant was in possession of the liquor contrary to law, beyond a reasonable doubt, for the judge charged them that if they did not so find, the defendant was not guilty. He also charged them, in the terms of the statute, that if they found this fact then it called for testimony from the defendant that he did not have it for sale (which was a matter resting peculiarly within his knowledge) and then added: "The question upon all the testimony with that presumption of the law applying is, Has the State shown you beyond a reasonable doubt that he had it for sale? If it has, it is your duty to convict. However, if the State has not so satisfied you, it is your duty to return a verdict of not guilty."

There was ample evidence to support the finding of the jury that the defendant had the liquor in his possession, and that beyond a reasonable doubt he had it for sale. Indeed a perusal of the evidence will show that the jury could not fairly have come to any other conclusion unless they intended "To distinguish and divide a hair betwixt south and southwest side."

There is more or less a disposition in some localities to evade the strict execution of the expression of the public will in the suppression of the illicit sale of intoxicating liquors, and the Legislature therefore has from time to time adopted more stringent measures to make the execution of the law effective, and one of these measures is that before us, making the possession of such liquors *prima facie* evidence of an intent to sell. It is not for us to judge of the wisdom or necessity of such enactment, but to take the law as it is written by those empowered to make the law.

The primary object of the criminal law is not to secure liberty or privileges, but to take them away from those who have shown a contempt of the law by violating it. The statute provides that when the jury find the defendant is in possession of more than the permitted quantity (which of course must be found beyond a reasonable doubt), it is *prima facie* proof of having it with the intent to sell. If, as the

48—175

court construes it, the jury must further find beyond a reasonable doubt that the defendant had the intent to sell, this is an express contradiction of the statute and the Legislature passed it without effecting anything. The intention of the law-makers was plain that the possession of the forbidden article should be *prima facie evidence* of the intent, and that the intent did not need to be proven, but it was incumbent upon the defendant to negative the prima facie case. If this was not the purpose of the statute, why was it enacted? The construction placed upon it by the Court leaves the matter exactly as it was before the statute was passed.