## STATE v. PERCY BRYANT.

(Filed 20 March, 1957.)

**1. Intoxicating Liquor § 9d—**

Evidence that three quarts of intoxicating liquor in two fruit jars, without tax stamps, were found on defendant's premises, near his house, with further evidence tending to show that defendant was seen to take a drink from one of the jars shortly before the search and arrest, *is held* sufficient to overrule motion for nonsuit in a prosecution for possession of an alcoholic beverage upon which taxes had not been paid. G.S. 18-60.

**2. Criminal Law § 28: Evidence § 7e—**

*Prima facie* evidence is sufficient to take the issue to the jury and support, but not compel, an affirmative finding, it being for the jury to weigh the evidence, but *prima facie* evidence does not in itself establish the fact or facts upon which the verdict or judgment must rest, nor does it shift the burden of proof on the issue.

**3. Intoxicating Liquor §§ 9b, 9f—**

In instructing the jury as to the statutory effect created by the absence of stamps on containers holding an alcoholic beverage, G.S. 18-48, the court charged that *prima facie* evidence was sufficient proof until overcome and contradicted by other evidence. *Held:* The charge constitutes prejudicial error in giving undue weight and effect to *prima facie* evidence.

**4. Criminal Law § 81c(2)—**

Conflicting instructions upon a material point necessitate a new trial, since it cannot be determined that the jury did not follow the erroneous instruction.

APPEAL by defendant from *Moore (Clifton L.), J.,* August-September 1956 Term, WILSON.

Defendant was tried on a warrant charging him with unlawfully having in his possession in two half-gallon fruit jars three quarts of "alcoholic beverages upon which the taxes imposed by the laws of Congress of the United States and by the laws of the State of N. C. had not been paid." The jury returned a verdict of guilty, whereupon judgment was entered imposing a jail sentence. Defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Robert A. Farris for defendant appellant.*

RODMAN, J.　The State offered in evidence two one-half gallon jars. Witnesses for the State testified these jars were discovered in a search of defendant's premises, one behind the smokehouse under some paper

fertilizer bags, the other on the front seat in a broken down Ford pickup truck sitting in defendant's yard.

There were no stamps affixed to either container. There was testimony from a witness who at a distance of 150 yards saw defendant, shortly before the search and arrest, take a drink from one of the containers and then hide the container near the smokehouse where it was found by the officers.

Defendant disclaimed any knowledge of the jars and contents. There was evidence that the whisky was brought to defendant's farm while defendant was absent, and that he had no knowledge of it.

There was sufficient evidence for the jury to find: (1) defendant was the owner and had the legal possession of the jars and contents; (2) the jars contained an alcoholic beverage as defined by statute (G.S. 18-60); (3) the taxes lawfully imposed had not been paid on the contents of the jars in question. Defendant's motion to nonsuit was properly overruled.

Defendant's fifteenth assignment of error is directed to that portion of the charge defining the effect of the statutory evidence (G.S. 18-48) created by the absence of stamps on containers holding alcoholic beverages. The court charged: *"Prima facie* evidence or a *prima facie* case is meant that which is received and continues until the contrary appears. It is meant such as in the judgment of the law is sufficient to establish the facts and, if not disputed, remains sufficient for that purpose. In other words, *prima facie* evidence is meant the evidence sufficient to carry the case to the jury and to justify but not compel a verdict. *Prima facie* evidence is merely that which suffices for the proof of the particular fact until contradicted and overcome by other evidence."

Defendant contends, and we think properly so, that the charge is inaccurate and endows *prima facie* evidence with undue weight and effect. The charge defines the weight and force to be given to *prima facie* evidence in four distinct sentences. Do these separate sentences each mean the same thing? If not, which should the jury accept?

Much has been written in defining *prima facie* evidence, its weight and effect. Statements are to be found that it is sufficient to shift the burden of proof, *e.g., S. v. Roten,* 86 N.C. 701, where it is said: "But what is *prima facie* evidence of a fact? It is simply such evidence in judgment of law as is sufficient to establish the fact, and if not rebutted remains sufficient for the purpose. Its effect is to shift the burden of proof from the State to the defendant, that is all."

But, when an analysis is made of the decisions of this Court rather than a single sentence or a paragraph, it is manifest that no burden or duty is imposed on the defendant merely because a statutory rule of evidence has come into play.

"A *prima facie* case simply carries the case to the jury for determination and no more." *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163.

"It may, therefore, be taken as settled in this Court, at least, and we believe the same may be said of most, if not all, of the courts, that *prima facie* or presumptive evidence does not, of itself, establish the fact or facts upon which the verdict or judgment must rest, nor does it shift the burden of the issue, which always remains with him who holds the affirmative. It is no more than sufficient evidence to establish the vital facts without other proof, if it satisfies the jury. The other party may be required to offer some evidence in order to prevent an adverse verdict, or to take the chances of losing the issue if he does not, but it does not conclude him or forestall the verdict. He may offer evidence, if he chooses, or he may rely alone upon the facts raising the *prima facie* case against him, and he has the right to have it all considered by the jury, they giving such weight to the presumptive evidence as they may think it should have under the circumstances." *S. v. Wilkerson,* 164 N.C. 431, 79 S.E. 888.

In *S. v. Russell,* 164 N.C. 482, 80 S.E. 66, the Court gave its approval to this charge: "The statutory presumption in this case, to the effect that keeping or having on hand or under one's control more than 2½ gallons of intoxicating liquor, shall be *prima facie* evidence of an intent to sell same contrary to law, is not binding upon the jury, though the defendant does not see fit to introduce any testimony or to go on the stand as a witness for himself. The jury is still at liberty to acquit the defendant, if they find his guilt is not proved beyond a reasonable doubt."

Speaking with reference to the statutory *prima facie* case of evidence as to intent to sell based on possession of a fixed quantity of alcoholic beverages, *Hoke, J.* (later *C. J.*), said in *S. v. Bean,* 175 N.C. 748, 94 S.E. 705: "In construing this and other statutes of like kind, however, our Court has often held that while the guilty purpose may be inferred from the fact of possession established, and the court should instruct the jury to consider the evidence in view of the artificial weight given to such possession, the presumption of innocence is also present, and if on the entire testimony there is reasonable doubt of the defendant's guilt, either as to fact of the possession or of the forbidden purpose, the defendant should be acquitted." *S. v. Helms,* 181 N.C. 566, 107 S.E. 228; *Insurance Co. v. Motors, Inc.,* 240 N.C. 183, 81 S.E. 2d 416; *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593; *Vance v. Guy,* 224 N.C. 607, 31 S.E. 2d 766; *S. v. Ellis,* 210 N.C. 166, 185 S.E. 663; *Manufacturing Co. v. R. R.,* 222 N.C. 330, 23 S.E. 2d 32.

The statute creates a factual inference or conclusion to be drawn from other facts recited in the statute. This inference or conclusion is denominated *prima facie* evidence. It, like all the other evidence, must

be weighed before the jury can render a verdict. In criminal cases this evidence, coupled with other evidence, must establish defendant's guilt beyond a reasonable doubt. Defendant is entitled to have the jury scrutinize this evidence as it does all of the other evidence with a presumption of innocence in his favor. It does not suffice for proof "until contradicted and overcome by other evidence." It may fall because of its own weakness. The facts which call for an application of the statutory rule of evidence may, when viewed in their proper perspective, cause the jury to reject as unworthy of belief the *prima facie* evidence created by the statute. The *prima facie* evidence created by the statute had no greater legal force than the testimony of the witness that defendant's breath had the odor of nontaxpaid whisky. It was the duty of the jury to weigh and assess each.

The court correctly charged the jury that the *prima facie* evidence was sufficient to carry the case to the jury and to justify but not compel a verdict adverse to the defendant, but the next sentence of the charge declaring the *prima facie* evidence sufficient proof *until overcome and contradicted by other evidence* imposed a burden on defendant which he was not required to carry and gave to the evidence a force and effect which it did not possess.

"It is well settled that where there are conflicting instructions with respect to a material matter, a new trial must be granted, as the jury are not supposed to know which of the two states the law correctly, and we cannot say they did not follow the erroneous instruction." *S. v. Falkner*, 182 N.C. 793, 108 S.E. 756. Defendant, for the error in the charge, is entitled to a

New trial.