STATE OF NORTH CAROLINA v. JAMES GORDON McAULIFFE

No. 7430SC367

(Filed 7 August 1974)

1. Narcotics § 1— presumption of possession of marijuana for sale — motion to quash properly denied

Defendant's motion to quash the bill of indictment against him was properly denied where the ground for his motion was the alleged unconstitutionality of the presumption that possession of more than five grams of marijuana is possession for sale.

2. Narcotics § 3— possession of marijuana with intent to distribute — relevancy of evidence

    In a prosecution for possession of·marijuana with intent to distribute, the trial court did not err in refusing to allow defendant to question an SBI agent as to the ownership of a health food store, since that matter was not directly related to the case.

3. Constitutional Law § 31— confidential informer — limitation of questions proper

    The trial court did not err in refusing to allow defendant to ask questions concerning the identity and reliability of the informer whose information led to the issuance of a search warrant for his automobile.

4. Criminal Law § 99— whispering between judge and witness — no breach of judicial neutrality

    The trial court did not depart from his judicial neutrality when he asked a witness questions in a whisper and received whispered answers where the questions dealt with the activities of a confidential informer and the trial court was attempting to determine if disclosure of the facts was necessary to aid in defendant's defense.

5. Criminal Law § 92— consolidation of cases against husband and wife — dismissal of charges against wife — no prejudice to husband

    Where prosecutions against husband and wife for possession of marijuana with intent to distribute were consolidated for trial, the trial court did not err in informing defendants, upon their moving to dismiss at the close of the State's evidence, that he was inclined to dismiss charges against the wife but not against the husband and that each defendant had the right to present evidence or to remain silent, nor did it err in dismissing charges against the wife but ·not against the husband when neither presented any evidence, since that procedure did not deny to defendant husband the right to present evidence.

APPEAL by defendant from *Copeland, Judge,* 3 December 1973 Session of JACKSON County Superior Court.

The defendant was charged in a bill of indictment with the possession of marijuana with the intent to distribute in violation of G.S. 90-95. The defendant's wife was also charged with the same offense. The cases were consolidated for trial, and pleas of not guilty were entered by each defendant. A judgment as of nonsuit was entered as to the charges against the defendant's wife; the defendant was found guilty as charged. From the imposition of a five year active sentence, the defendant gave notice of appeal.

Special agent James T. Maxey of the State Bureau of Investigation testified that he had occasion to go to the residence of Norman Allen West at approximately 2:40 a.m., on 1 September 1973. Agent Maxey was accompanied by several other law en-

forcement officers. The defendant's residence was located at the Davis Trailer Park. Upon his arrival, he knocked on the front door of the trailer.

Agent Maxey had a conversation with the defendant upon his arrival. He warned the defendant of his constitutional rights and asked him if a 1967 blue Mustang in the driveway belonged to the defendant. The defendant did not answer; whereupon Agent Maxey informed the defendant that he had a search warrant to search the automobile and asked again if it belonged to the defendant. The defendant stated that it was his and gave a key to the trunk of the automobile to Officer Maxey.

A large aluminum suitcase was discovered in the trunk of the automobile. The suitcase contained twelve bricks of a greenish colored vegetable material. One of the bricks was analyzed and found to contain 721.6 grams of marijuana.

The defendant offered no evidence.

*Attorney General Robert Morgan by Assistant Attorney General Edwin M. Speas, Jr., for the State.*

*George S. Daly, Jr., and Walter H. Bennett, Jr., for the defendant-appellant.*

CARSON, Judge.

[1] Prior to the commencement of the trial, the defendant moved to quash the bill of indictment on the grounds that the presumption that possession of more than five grams of marijuana is possession for the purpose of sale, is unconstitutional. The denial of this motion to quash constitutes his first assignment of error. This assignment of error is without merit. Presumptions are lawful as long as there is a rational connection between the fact to be proved and the facts which create this foundation. *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.ed. 2d 380 (1973); *United States v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L. ed. 2d 210 (1965). Our Supreme Court has held that it is within the authority of the General Assembly to provide by statute that proof of certain facts should be prima facie evidence of an ultimate fact, provided that there is rational connection between the fact proved and the ultimate fact assumed. *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768 (1961); *State v. Lassiter,* 13 N.C. App. 292, 185 S.E. 2d 478 (1971). These presumptions are not conclusive and do not affect the

burden of proof, but shift the burden of going forward with the evidence to the defendant. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970) ; 2 Strong, N. C. Index 2d, Criminal Law, § 32. The General Assembly determined that possession of more than five grams (more than one ounce since 1 January 1974) created a presumption sufficient to allow the jury to find that possession was for the purpose of distribution. G.S. 90-95. The defendant in this case possessed approximately ten thousand grams. The jury was properly instructed as to the presumption. The defendant relies on the case of *Sharp v. Commonweath,* 213 Va. 269, 192 S.E. 2d 217 (1972), as authority that the presumption is unlawful. The Virginia case was decided on a different statute. Virginia Code of 1950, Section 54-524.101(a), as amended. It did not set a specific amount, but allowed the possession of any of the substance as some evidence that it was possessed for the purpose of distribution.

[2] The defendant next objects to the trial court's refusing to let him ask certain questions of Agent Maxey on cross-examination. These questions were not directly related to this case but concerned the ownership of a health food store. It is well established in this jurisdiction that the questioning of the witness is largely within the sound discretion of the trial court. *State v. Hutson,* 10 N.C. App. 653, 179 S.E. 2d 858 (1971) ; 7 Strong, N. C. Index 2d, Trial, § 9. Here, quite lengthy examination was permitted by the court. We do not perceive that the court abused its discretion in curtailing questioning as to unrelated matters.

[3]   The defendant next contends that the court committed error in not allowing him to ask questions concerning the identity and reliability of the informer whose information led to the issuance of the search warrant. Generally speaking, the prosecution is privileged to withhold from an accused disclosure of the identity of the informer. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.ed. 2d 639 (1957) ; *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957). This privilege is designed to protect the public interest. *Roviaro v. United States, supra; State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969). Although the circumstances of certain cases might outweigh the desirability of protecting the public interest, the instant facts do not support such a departure from the general rule. *State v. Fletcher,* 279 N.C. 85, 181 S.E. 2d 405 (1971) ; *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423 (1971). There is no indication here that the informer was a participant in the crime. Furthermore, all evidence necessary to convict was from the direct observation

State v. McAuliffe

of the officers. Also, the defendant did not offer evidence of entrapment or other defenses. Under these circumstances, we do not feel that it was necessary to deviate from the general rule and to require the disclosure of the identity of the informer.

[4]   In seeking to ask the officer certain questions concerning the identity of the informer, the defendant's attorney asked several questions such as whether the informer was using drugs. In response to some of these questions, the trial judge on several occasions asked the witness in a whisper whether the informer was doing these acts. The witness whispered the answers back to the judge, and they were not audible to the jury. The defendant contends that this is prejudicial and indicates that the trial court was departing from his judicial neutrality. Quite to the contrary, it appears to us that the trial court was attempting to determine whether these facts were true and, if so, whether their disclosure would be necessary to aid in the defense. This assignment of error is likewise without merit.

[5]   At the conclusion of the State's evidence each defendant made a motion to dismiss the charges against him. The judge called defense counsel to the bench and informed them that he was inclined to dismiss the charges against the wife but not against the husband, if no further evidence was presented. Subsequently, he informed each defendant of his right to present evidence or remain silent. He advised them to consult with their attorneys before deciding. At the conclusion, he asked each defendant whether he desired to present evidence. Neither defendant desired to present any evidence, and each defendant rested. Whereupon, the trial court dismissed the charges as against the defendant's wife. The defendant husband contends that he was denied the right to present evidence by this action of the trial court. Such is obviously not the case. It appears that the trial court was being extremely cautious in warning the husband that he might present evidence which would be incriminating to his wife. While such warning is not required, it is certainly not prejudicial; and this assignment of error is without merit.

We have examined the remaining assignments of error and do not feel that any prejudicial error was committed by the trial court. We hold that the defendant had a fair and impartial trial.

No error.

Judges BRITT and HEDRICK concur.