STATE OF NORTH CAROLINA v. WILLIAM ROOSEVELT HAIRSTON

No. COA99-326

(Filed 4 April 2000)

### Sentencing— habitual felon—sufficiency of evidence—prima facie presumption—constitutionality

The trial court did not err by denying defendant's motion to dismiss an ancillary habitual felon indictment where the names on the certified copies of the indictments satisfied the same name requirement of N.C.G.S. § 14-7.4, even though the name on two of the indictments included "Jr." and one did not, and it is not unreasonable or arbitrary to infer from proof of two felony convictions in the name of William Roosevelt Hairston Jr. and one in the name of William Roosevelt Hairston that defendant William Roosevelt Hairston committed three felonies. A permissive presumption that leaves the trier of fact free to credit or reject the inference does not shift the burden of proof and affects the application of the reasonable doubt standard only if there is no rational way the trier could make the connection permitted by the inference. The evidence is sufficient for the issue to go to the jury and the defendant has no burden of proof, but may present his own evidence on the issue if he wishes.

Appeal by defendant from judgments entered 9 November 1998 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 27 January 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Stowers & James, P.A., by Paul M. James, III, for defendant-appellant.*

HUNTER, Judge.

William Roosevelt Hairston ("defendant") appeals his conviction of being an habitual felon, on the grounds that the trial court erred by denying defendant's motion to dismiss the habitual felon indictment for insufficiency of the evidence. Defendant's motion was made on the grounds that the statutory creation of a *prima facie* case in N.C. Gen. Stat. § 14-7.4 unconstitutionally shifts the burden of proof to the defendant in violation of due process under the Fifth and Fourteenth Amendments to the United States Constitution. These amendments guarantee that an individual person may be convicted of a crime by the State only if the State proves each element of the crime beyond a reasonable doubt to the trier of fact. We disagree with defendant's interpretation of N.C. Gen. Stat. § 14-7.4, and affirm the trial court's denial of defendant's motion to dismiss.

The following facts are undisputed. On 9 November 1998, defendant was found guilty of two counts of breaking and entering a motor vehicle, and was subsequently tried on an ancillary habitual felon indictment. During the ancillary habitual felon proceeding, the State introduced into evidence certified copies of two prior felony convictions bearing the name William Roosevelt Hairston, Jr. and one prior felony conviction bearing the name William Roosevelt Hairston. This evidence established a *prima facie* case under N.C. Gen. Stat. § 14-7.4. At the close of the State's evidence, defendant moved to dismiss the habitual felon indictment for insufficiency of the evidence that the person named in the three prior convictions was the defendant, arguing that the statutory *prima facie* case in N.C. Gen. Stat. § 14-7.4 violates defendant's due process rights. This motion was renewed at the close of all the evidence. The trial court denied both motions. The jury found defendant guilty of being an habitual felon, and he was sentenced accordingly.

STATE v. HAIRSTON

[137 N.C. App. 352 (2000)]

Defendant's only assignment of error is that the trial court erred in denying defendant's motion to dismiss the ancillary habitual felon indictment. We disagree.

In ruling upon a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which may be drawn from the evidence. *State v. Hodge*, 112 N.C. App. 462, 465, 436 S.E.2d 251, 253 (1993). The court must determine whether substantial evidence supports each essential element of the offense and the defendant's perpetration of that offense. *State v. McCullers*, 341 N.C. 19, 29, 460 S.E.2d 163, 168 (1995). If so, the motion must be denied and the case submitted to the jury. *State v. Styles*, 93 N.C. App. 596, 602, 379 S.E.2d 255, 260 (1989). " 'Substantial evidence' is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981).

As to N.C. Gen. Stat. § 14-7.4, we first note that our Supreme Court has held that the procedures set forth in our habitual felon statute, N.C. Gen. Stat. § 14-7.1 *et seq.*, comport with a defendant's federal and state constitutional guarantees. *State v. Todd*, 313 N.C. 110, 118, 326 S.E.2d 249, 253 (1985). Likewise, this Court has upheld an habitual felon conviction against a due process challenge. *See State v. Hodge*, 112 N.C. App. 462, 436 S.E.2d 251 (1993) (upholding habitual felon statute against due process, equal protection, and double jeopardy challenges). N.C. Gen. Stat. § 14-7.4 provides:

> In all cases where a person is charged under the provisions of this Article with being an habitual felon, the record or records of prior convictions of felony offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses. A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, *shall be prima facie evidence that the defendant named therein is the same as the defendant before the court*, and shall be prima facie evidence of the facts set out therein.

N.C. Gen. Stat. § 14-7.4 (1999) (emphasis added). In creating this statutory *prima facie* case, the General Assembly has dictated what amount of evidence is sufficient for the judge to submit an habitual

felon case to the jury. As we have noted, the State presented *prima facie* evidence in the present case by two certified copies of felony convictions of William Roosevelt Hairston, Jr., and one certified copy of a felony conviction of William Roosevelt Hairston. While two of these convictions had "Jr." in the name, and the other did not, the names on these certified copies are identical to defendant in every other way and therefore satisfy the "same name" requirement of N.C. Gen. Stat. § 14-7.4. *See State v. Petty*, 100 N.C. App. 465, 470, 397 S.E.2d 337, 341 (1990) (absolute identity of name is not required under N.C. Gen. Stat. § 14-7.4, and two identical names, with surplusage in one, are the "same name" for purposes of the statute). Defendant argues that this *prima facie* case unconstitutionally shifts the burden of proof to the defendant on the essential element of identity. We disagree.

Our Supreme Court has consistently stated that *prima facie* evidence is nothing more than presumptive evidence, and does not affect the burden of proof of an issue. *State v. Bryant*, 245 N.C. 645, 647, 97 S.E.2d 264, 266 (1957); *State v. Davis*, 214 N.C. 787, 792, 1 S.E.2d 104, 107 (1939).

> [P]*rima facie* or presumptive evidence does not, of itself, establish the fact or facts upon which the verdict or judgment must rest, nor does it shift the burden of the issue, which always remains with him who holds the affirmative. It is no more than sufficient evidence to establish the vital facts without other proof, if it satisfies the jury.

*State v. Bryant*, 245 N.C. 645, 647, 97 S.E.2d 264, 266 (1957). The statutory *prima facie* case in N.C. Gen. Stat. § 14-7.4 does not shift the burden of proof to defendant on the issue of identity, but merely creates a presumption that allows the jury to decide whether the elements of the crime have been proven beyond a reasonable doubt. Defendant's assignment of error can only be saved if the use of such a permissive presumption in a criminal case violates due process.

The validity of statutory inferences and presumptions under the Due Process Clause vary from case to case based on the connection between the known fact and the inferred fact and on the degree to which the inference or presumption interferes with the factfinder's ability to independently assess the evidence. *Ulster County Court v. Allen*, 442 U.S. 140, 60 L. Ed. 2d 777, 791 (1979). In criminal cases, the ultimate test of any presumption's constitutional validity is that the

presumption must not undermine the factfinder's responsibility at trial to find the ultimate facts beyond a reasonable doubt. *Id.* One common type of statutory presumption is the entirely permissive inference or presumption which allows—but does not require—the factfinder to infer the ultimate fact from proof of the known fact and that places no burden of any kind on the defendant. *Barnes v. United States*, 412 U.S. 837, 37 L. Ed. 2d 380 (1973). Since such a permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the beyond a reasonable doubt standard only if there is no rational way the trier could make the connection permitted by the inference. *Ulster County Court v. Allen*, 442 U.S. 140, 60 L. Ed. 2d 777. The North Carolina Supreme Court has applied this reasoning and held it is within the authority of the General Assembly to provide by statute that proof of certain facts should be *prima facie* evidence of an ultimate fact, provided that there is a rational connection between the fact proved and the ultimate fact assumed. *State v. McAuliffe*, 22 N.C. App. 601, 603, 207 S.E.2d 1, 2-3, *cert. denied*, 285 N.C. 762, 209 S.E.2d 286 (1974). This Court has concluded that in order for a *prima facie* evidence rule to be constitutional there must be a rational connection between the fact proved and the ultimate fact presumed so that the inference of the one from proof of the other is not unreasonable or arbitrary. *State v. Lassiter*, 13 N.C. App. 292, 297, 185 S.E.2d 478, 482 (1971), *cert. denied*, 280 N.C. 495, 186 S.E.2d 514, *appeal dismissed*, 280 N.C. 724, 186 S.E.2d 926 (1972).

Applying the rational connection test to N.C. Gen. Stat. § 14-7.4, it is clear that there is a rational connection between the fact of three prior felony convictions under the same name as an alleged habitual felon, and the ultimate fact that the person so named in the three prior felony convictions is the same as the alleged habitual felon. To put it another way, it is not unreasonable or arbitrary to infer from proof of two felony convictions in the name of William Roosevelt Hairston, Jr., and one in the name of William Roosevelt Hairston, that the defendant William Roosevelt Hairston committed three prior felonies. This evidence merely is sufficient for the issue to go to the jury, and if the defendant wishes he may present his own evidence on the issue. However, he has no burden of proof.

Based on the foregoing, we hold that N.C. Gen. Stat. § 14-7.4 does not shift the burden of proof to defendant on the issue of identity in violation of defendant's due process rights.

No error.

Judges JOHN and McGEE concur.