BERGER, Judge.
 

 *737
 
 A Gates County jury found Allen Michael Emigh ("Defendant") guilty of unlawfully taking deer with the assistance of artificial lighting on September 6, 2016. Defendant received a probationary sentence, including electronic monitoring, and was ordered to pay a $500.00 fine. Defendant timely appealed, arguing that the trial court committed prejudicial error when instructing the jury on the substantive offense. We disagree.
 

 Factual & Procedural Background
 

 Evidence presented at trial tended to establish that on the evening of November 29, 2015, North Carolina Wildlife Resource Commission Officer Brandon Wilkins was on routine assignment in Gates County when he received a phone call regarding possible deer hunting at night. Officer Wilkins responded to the area of Indian Neck, where he observed a pick-up truck in the middle of a field with a spotlight emanating from
 
 *738
 
 the interior of the vehicle and sweeping across the field. Officer Wilkins then heard gunshots coming from the direction of the pick-up truck.
 

 Officer Wilkins initiated a stop of the vehicle after it left the field. Defendant was one of five occupants of the vehicle. Defendant informed Officer Wilkins that they were beaver hunting, and that they had discharged between fifteen and seventeen rounds of ammunition. Officer Wilkins testified that two of the three firearms located in the vehicle were typical "small-to mid-caliber rifles" used to hunt deer.
 

 During the course of his investigation, Officer Wilkins observed blood in the back of the pick-up truck. According to the occupants of the vehicle, the blood was from a deer killed earlier in the day.
 

 Officer Wilkins cited Defendant for unlawfully taking a deer with the aid of an artificial light. Defendant was convicted in District Court, and appealed for trial
 
 de novo
 
 in Superior Court. A Gates County jury convicted Defendant in Superior Court, and Defendant appeals, arguing that the trial court erred when it purportedly expressed an opinion while instructing the jury that "sweeping a spotlight over a field and firing a weapon" was an attempt to hunt deer. Defendant failed to object to the jury instructions at trial.
 

 Standard of Review
 

 "[T]he plain error standard of review applies on appeal to unpreserved instructional ... error."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012). To show plain error, a party must demonstrate that the instructional error was "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached."
 
 State v. Bagley
 
 ,
 
 321 N.C. 201
 
 , 213,
 
 362 S.E.2d 244
 
 , 251 (1987),
 
 cert. denied
 
 ,
 
 485 U.S. 1036
 
 ,
 
 108 S.Ct. 1598
 
 ,
 
 99 L.Ed.2d 912
 
 (1988). "Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or
 
 *790
 
 public reputation of judicial proceedings."
 
 Lawrence
 
 ,
 
 365 N.C. at 518
 
 ,
 
 723 S.E.2d at 334
 
 (2012) (citations, internal quotation marks, and brackets omitted).
 

 Analysis
 

 Defendant contends that the trial court improperly expressed an opinion when it instructed, "[a] person takes a deer when he intends to hunt deer and engages in any operation constituting an attempt to do so by sweeping a spotlight over a field and firing a weapon across the field." Defendant further asserts that he was prejudiced by this purported error. We disagree.
 

 *739
 
 The citation alleged that Defendant "did unlawfully and willfully [t]ake deer between 1/2 hour after sunset and 1/2 hour before sunrise by displaying an artificial light in an area frequented or inhabited by wild deer, having in his possession a firearm." The citation then references
 
 N.C. Gen. Stat. § 113-291.1
 
 (b)(2), -302(b), and -294(e). These statutory provisions punish the unlawful taking of deer with the assistance of artificial lighting as a Class 2 misdemeanor with a fine of at least $500.00.
 
 N.C. Gen. Stat. § 113-291.1
 
 (b)(2) and -294(e) (2015).
 

 N.C. Gen. Stat. § 113-302
 
 (b) sets forth the specific offense for which Defendant was charged and the significance of certain evidence related to the offense:
 

 The flashing or display of any artificial light between a half hour after sunset and a half hour before sunrise in any area which is frequented or inhabited by wild deer by any person who has accessible to him a firearm, crossbow, or other bow and arrow
 
 constitutes prima facie evidence of taking deer with the aid of an artificial light
 
 . This subsection does not apply to the headlights of any vehicle driven normally along any highway or other public or private roadway.
 

 N.C.G.S. § 113-302(b) (2015) (emphasis added).
 

 Prima facie
 
 evidence "simply carries the case to the jury for determination and no more. ... It is no more than sufficient evidence to establish the vital facts without other proof, if it satisfies the jury."
 
 State v. Bryant
 
 ,
 
 245 N.C. 645
 
 , 647,
 
 97 S.E.2d 264
 
 , 266 (1957) (citation and internal quotation marks omitted). Importantly, a defendant charged with taking deer with the aid of an artificial light need not actually kill a deer, or even discharge a weapon in the general direction of a deer. The proof required by
 
 N.C. Gen. Stat. § 113-302
 
 (b) to establish a
 
 prima facie
 
 case is that an individual have access to a weapon while displaying an artificial light at night in a location frequented by deer. It is then for the jury to determine if it is fully satisfied or entirely convinced by the evidence presented.
 

 Defendant here was observed by Officer Wilkins displaying an artificial light in an area frequented by deer as evidenced by deer tracks in the field. Not only did Defendant have access to a firearm, but readily admitted that he and his companions discharged multiple rounds across the field. The parties stipulated that this incident occurred between one-half hour after sundown and one-half hour prior to sunrise. Thus, the State presented sufficient evidence to establish a
 
 prima facie
 
 case of unlawfully taking a deer with the aid of an artificial light, and it was for the jury to determine from these facts, along with the other evidence
 
 *740
 
 presented at trial, whether defendant was spotlighting deer or actually hunting beaver.
 

 Consistent with the evidence presented,
 
 N.C. Gen. Stat. § 113-302
 
 (b), and the Pattern Jury Instructions,
 
 [1]
 
 the trial court instructed the jury as follows:
 

 *791
 
 The defendant has been charged with unlawfully taking a deer with the aid of an artificial light. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt. First, that the defendant took a deer. A person takes a deer when he intends to hunt deer and engages in any operation constituting an attempt to do so by sweeping a spotlight over a field and firing a weapon across the field. Second, that the defendant did so with the aid of an artificial light. Third, that the defendant did so after 4:58 p.m. and before 6:55 a.m. ...
 

 If you find from the evidence beyond a reasonable doubt that during the night on or about the alleged date, the defendant intended to hunt a deer and, in order to do
 
 *741
 
 so, shined a light in a sweeping motion across a field and firing a weapon across a field and that the defendant did so with the aid of an artificial light and that he did so after 4:58 p.m. and before 6:55 a.m., it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
 

 The court's instruction was not the expression of an opinion, but rather an accurate restatement of the
 
 prima facie
 
 evidentiary requirements for the charged offense.
 

 Even if, assuming
 
 arguendo
 
 , the instruction was improper, which it was not, Defendant failed to demonstrate prejudice. There was sufficient evidence to support the jury's verdict. Officer Wilkins testified he had never heard of beaver hunts at night in the area, and that spotlights were not used to hunt beaver. Rather, the evidence presented tended to show that the field where Defendant was observed was one frequented by deer, and that spotlighting was a method used to hunt deer. Moreover, Defendant had two rifles commonly used for deer hunting, and admitted to discharging them multiple times. In addition, the jury heard evidence that there was blood in the pick-up truck from an earlier successful deer hunt.
 

 It cannot be said that the instruction, based upon the evidence presented at trial, "probably resulted in the jury reaching a different verdict than it otherwise would have reached."
 
 Bagley
 
 ,
 
 321 N.C. at 213
 
 ,
 
 362 S.E.2d at 251
 
 . Therefore, Defendant's argument is overruled.
 

 Conclusion
 

 Defendant received a fair trial free from error as the trial court properly instructed the jury on the offense of unlawfully taking deer with the assistance of artificial lighting.
 

 NO ERROR.
 

 Chief Judge MCGEE and Judge DIETZ concur.
 

 [1]
 

 Criminal Pattern Jury Instruction 273.10 reads as follows:
 

 The defendant has been charged with unlawfully taking a deer with the aid of an artificial light. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:
 

 First
 
 , that the defendant took a deer. A person takes a deer when he
 

 a
 
 [intentionally [captures] [kills] [harms] [pursues] [hunts] [reduces to possession] a deer] (or)
 
 b
 
 [intends to [capture] [kill] [harm] [pursue] [hunt] [reduce to possession] a deer and engages in any operation constituting
 
 b1
 
 [immediate preparation for an attempt to do so]
 
 b2
 
 [an attempt to do so]
 
 b3
 
 [conduct immediately subsequent to an attempt to do so]]. ((
 
 Describe defendant's conduct
 
 , e.g.,
 
 parking a pick-up truck beside an open field with a loaded rifle handy in the cab
 
 ) would be such an operation).
 

 Second
 
 , that the defendant did so with the aid of an artificial light.
 

 And Third
 
 , that the defendant did so after (
 
 give time one half hour after sunset
 
 ) and before (
 
 give time one half hour before sunrise
 
 ).
 

 If you find from the evidence beyond a reasonable doubt that during the night on or about the alleged date the defendant
 
 a
 
 [intentionally (
 
 describe conduct constituting successful attempt, e.g., shot
 
 ) a deer]
 
 b
 
 [intended to [capture] [kill] [harm] [pursue] [hunt] [reduce to possession] a deer] and in order to do so (
 
 describe conduct constituting unsuccessful attempt or immediate preparation for an attempt, e.g., parked his pickup at the side of rural unpaved road 1407 adjacent to Joe Doe's cornfield with a loaded rifle handy in the cab
 
 ) ], and that the defendant did so with the aid of an artificial light and that he did so after (
 
 give time one half hour after sunset
 
 ) and before (
 
 give time one half hour before sunrise
 
 ), it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty. N.C.P.I.-Crim. 273.10 (2001) (footnotes omitted).