STATE OF NORTH CAROLINA v. JOHN H. COLEY

No. 7419SC628

(Filed 16 October 1974)

**Burglary and Unlawful Breakings § 7— failure to submit non-felonious breaking and entering**

In a prosecution for felonious breaking and entering of a dwelling house with intent to commit larceny, the trial court did not err in failing to instruct on the lesser included offense of non-felonious breaking and entering where the State's evidence tended to show that defendant was in the house after the break-in, that window panes were broken and glass scattered on the floor, and that frozen food had been removed from a freezer and packed ready to be carried out, and where such evidence was uncontradicted except for defendant's testimony that he was elsewhere when the crime occurred.

APPEAL by defendant from *Crissman, Judge,* 25 March 1974 Session of Superior Court held in RANDOLPH County.

Heard in Court of Appeals 3 September 1974.

Defendant was charged in a bill of indictment with feloniously breaking and entering the dwelling house of Lucile Cranford on 9 October 1973 with the intent to commit larceny. He entered a not guilty plea and was convicted by a jury.

From judgment imposing a prison sentence, defendant has appealed to this Court.

State v. Coley

Attorney General Robert Morgan, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Alfred N. Salley, for the State.

Coltrane and Gavin, by W. E. Gavin, for defendant appellant.

BALEY, Judge.

Defendant contends that the court did not adequately explain to the jury the elements of the offense of breaking and entering with intent to commit a felony and did not instruct the jury with respect to the lesser included offense of non-felonious breaking and entering.

The State's evidence placed defendant in the house after the break-in. Window panes were broken and glass scattered on the floor. Three bags of frozen food had been removed from a freezer and packed ready to be carried out. Defendant's companion had a package of frozen food in his pocket as he and defendant prepared to leave. Defendant left hurriedly after the State's witness telephoned the sheriff. This evidence was uncontradicted except that defendant testified he was cutting logs at a sawmill and was not present in the Cranford house at the time claimed by the State's witness and knew nothing about the entry.

There was no evidence tending to show a non-felonious breaking and entering. Defendant simply denied that he committed any offense. It was not necessary for the court to give an instruction concerning a lesser included offense.

"Where all the evidence tends to show that the crime charged in the indictment was committed, and there is no evidence tending to show commission of a crime of less degree . . . the court correctly refuses to charge on the *unsupported lesser degree*." *State v. Duboise,* 279 N.C. 73, 80, 181 S.E. 2d 393, 397. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149. "Where there is no conflict in the evidence the mere contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense." *State v. Gurkin,* 8 N.C. App. 304, 306, 174 S.E. 2d 20, 22; *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207, *rev'd on other grounds,* 281 N.C. 304, 188 S.E. 2d 304.

State v. Coley

The court summarized the evidence and gave full instructions concerning the breaking and entering without consent of the owner or person in charge of the building and concerning the required felonious intent to steal and deprive the owner permanently of her property. The instruction covered all essential elements of the offense with which defendant was charged and properly applied the evidence to the law.

No error.

Judges BRITT and HEDRICK concur