STATE OF NORTH CAROLINA v. WILLIE JAMES TORBIT, JR.

No. 8521SC639

(Filed 19 November 1985)

### 1. Robbery § 4.3— attempted armed robbery—sufficiency of evidence

The evidence was sufficient to support defendant's conviction of attempted armed robbery where it tended to show that defendant held a knife to the victim's throat, forced her over to the passenger seat of her car, threatened to "mess her up" if she gave him any trouble, and asked for and looked through her purse, and that a money clip holding cash and the victim's driver's license, which had been in the purse, was later found on the floor of the car next to the driver's seat where defendant had been sitting.

### 2. Kidnapping § 1.2— intent to commit robbery—sufficiency of evidence

The evidence was sufficient to permit the jury to infer an intent to rob so as to support the charge against defendant of kidnapping for the purpose of facilitating the commission of armed robbery where it tended to show that defendant forced his way into the victim's car with a knife and asked for and looked through her purse, and that a money clip holding cash and the victim's driver's license, which had been in the purse, was later found on the floor of the car next to the driver's seat where defendant had been sitting.

APPEAL by defendant from *DeRamus, Judge.* Judgments entered 6 March 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 30 October 1985.

Defendant was indicted for first degree kidnapping and robbery with a dangerous weapon. At trial the State presented evidence tending to show the following: Janice Cook was driving home from her fiance's house at approximately 12:30 a.m. A car behind her began blinking its lights, and when she reached her home, the car pulled up beside her and the occupant asked for directions to Burlington. Cook gave him the directions, and he then asked if she would write them down. She wrote the directions down, and the man returned to his car. Cook unlocked her car and began to get out, but as she did so, the man came back and held a knife to her throat. He forced her over to the passenger seat and "told me that if I gave him any trouble he would mess me up but good."

Cook and her abductor then drove off. She asked the man what he planned to do, but he did not answer. She then asked if she could smoke. The man said no, asked Cook if she had a gun,

and then asked for her purse. He looked through her purse and then returned it to her, and Cook did not see him take anything out of the purse. At some point the man tried to turn the car around, but got stuck in a ditch. He told Cook that he would get out of the car and push and that she should drive the car. As soon as he got out, Cook locked the doors, and the man ran off down the road. Cook then went to a nearby house and called the police. After looking through her purse she noticed that a money clip holding her driver's license and approximately $40.00 was missing.

A short time later Cook returned to her home and identified defendant, then in custody, as the man who had abducted her. The next day while searching her car, Cook discovered the money clip with her driver's license and cash on the floor of the automobile next to the driver's seat.

Defendant was indicted for robbery with a dangerous weapon and first degree kidnapping for the purpose of facilitating the commission of the felony of armed robbery. He was found guilty of second degree kidnapping and attempted robbery with a dangerous weapon. From judgments entered on the verdicts, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sueanna P. Peeler, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant's two assignments of error both raise the issue of whether the evidence is sufficient for the jury to find that he attempted to rob Ms. Cook. He first contends that neither his words nor his conduct evidenced any intent to rob Ms. Cook, and that the charge of attempted armed robbery should not have been submitted to the jury. We disagree. The elements of attempted armed robbery are: (1) the unlawful attempted taking of personal property from another, (2) the possession, use or threatened use of "firearms or other dangerous weapon, implement or means," and (3) danger or threat to the life of the victim. *State v. Joyner,* 295 N.C. 55, 243 S.E. 2d 367 (1978). In this case, defendant held a

long butcher or hunting knife to Ms. Cook's throat and threatened her, according to her testimony, by saying that "if I gave him any trouble, he would mess me up but good." Ms. Cook's testimony also shows that it was her habit to keep her purse on the floor in front of the passenger seat. The jury could therefore properly infer that the money clip found on the floor in front of the driver's seat had been in the possession of defendant, who had unlawfully attempted to take it from Ms. Cook. This argument is overruled.

[2] Defendant next contends that the indictment charging him with kidnapping for the purpose of facilitating the commission of armed robbery is not supported by the evidence. He argues that the State did not prove the particular intent alleged, as it must do when an indictment alleges an intent to commit a particular felony. *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984). We again disagree. Much of the evidence would permit a jury to infer that defendant attempted to rob Ms. Cook. He forced his way into her car, asked for her purse, looked through it, then gave it back to her. There was no evidence that defendant attempted or intended to sexually molest Ms. Cook. We hold that the evidence was sufficient to submit the charge to the jury and for the jury to infer that defendant had the intent to rob Ms. Cook. This assignment of error is overruled.

Defendant had a fair trial free from prejudicial error.

No error.

Judges WHICHARD and JOHNSON concur.