STATE OF NORTH CAROLINA v. ROBERT L. JACKSON

No. 8626SC1052

(Filed 5 May 1987)

**Robbery § 5.4— attempted armed robbery with hammer—weapon not dangerous as matter of law—no instruction on common law robbery—error**

The trial court erred in a prosecution for attempted armed robbery by not submitting the lesser-included offense of common law robbery where defendant used a hammer in the attempted robbery and the judge clearly did not conclude that the hammer was a dangerous weapon as a matter of law because she submitted the determination of the hammer's dangerousness to the jury. It is error to refuse to submit common law robbery to the jury where the evidence does not compel a finding that the weapon allegedly used was a dangerous weapon as a matter of law.

APPEAL by defendant from *Hyatt, Judge.* Judgment entered 19 May 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 March 1987.

Defendant was charged in a proper bill of indictment with robbery with a dangerous weapon in violation of G.S. 14-87.

The State's evidence tended to show the following:

On 30 October 1985, Charlotte police officers John T. Moore and D. L. Beaver were working undercover looking for storebreakers. As the officers walked down the street at approximately 10:30 p.m., defendant yelled "something about $15" and motioned the officers to come closer to him. When the officers were within two feet of defendant, defendant pulled a hammer out of a tool belt, held it in a threatening manner, and said, "You'd better give me $15, man." Both officers reached for their guns without making them visible, and defendant put the hammer back into the tool belt. The hammer was identified and admitted into evidence.

After defendant put the hammer away, the officers had a brief conversation with defendant, and an unidentified man came over and offered the officers a cigarette. Defendant and the man then walked away. The officers followed and arrested defendant in a vacant house.

Defendant offered no evidence.

Defendant was convicted of attempted armed robbery and was sentenced to a 14-year term of imprisonment. From the judgment of the trial court, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Assistant Public Defender Todd H. Fennell and Public Defender Isabel Scott Day for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred by failing to instruct the jury on the lesser included offense of common law robbery because the hammer was not found to be a dangerous weapon as a matter of law. We agree.

Common law robbery is a lesser included offense of armed robbery. *State v. Smallwood*, 78 N.C. App. 365, 337 S.E. 2d 143 (1985). It is error to refuse to submit common law robbery to the jury where the evidence does not compel a finding that the weapon allegedly used is a dangerous weapon as a matter of law. *Id.*

In the present case, the trial judge properly left the question of whether the hammer was a dangerous weapon to the jury. In her charge to the jury, the trial judge stated, "In determining whether a hammer was dangerous to the life of Officer Moore, you would consider the nature of the hammer, the manner in which the defendant used it or threatened to use it, and the size and strength of the defendant as compared to Officer Moore." Since the trial judge submitted the determination of the hammer's dangerousness to the jury, she clearly did not conclude that the hammer was a dangerous weapon as a matter of law.

The evidence in the present case did not compel a finding that the hammer was a dangerous weapon. Therefore, we hold that the trial court erred in refusing to instruct the jury on the lesser included offense of common law robbery.

Inasmuch as our decision resolves this appeal, we need not address defendant's remaining assignments of error.

New trial.

Judges MARTIN and GREENE concur.