STATE v. BRANDON

[120 N.C. App. 815 (1995)]

STATE OF NORTH CAROLINA v. FRANKLIN JESSIE BRANDON

No. COA94-1260

(Filed 21 November 1995)

### 1. Robbery § 84 (NCI4th)— attempted robbery with dangerous weapon—sufficiency of evidence

The evidence was sufficient to be submitted to the jury in a prosecution for attempted robbery with a dangerous weapon where it tended to show that defendant struck a skating rink owner on the head with a stick while he was attempting to leave the rink with the night's receipts; after he was struck, the owner tried to hide his briefcase, which contained the night's receipts, but defendant entered the skating rink through an apartment and threatened the owner and the occupant of the apartment; and $300 was missing from a desk in the apartment after defendant fled.

**Am Jur 2d, Robbery § 89.**

### 2. Burglary and Unlawful Breakings § 62 (NCI4th)— first-degree burglary—sufficiency of evidence

The evidence was sufficient to support defendant's conviction of burglary in the first degree where it tended to show that defendant broke into a skating rink which had an apartment; defendant struck the owner on the head with a stick as he was leaving with a briefcase containing the night's receipts; and $300 lying on a desk in the apartment was gone after defendant left the skating rink.

**Am Jur 2d, Burglary § 45.**

### 3. Robbery § 145 (NCI4th)— robbery with dangerous weapon—no instruction on lesser offense based on alibi testimony—question as to whether stick was dangerous weapon—instruction on lesser offense required

There was no merit to defendant's contention that his alibi testimony entitled him to a charge on attempted common law robbery; however, defendant was entitled to an instruction on the lesser-included offense because there was a question as to whether the stick he used was a dangerous weapon.

**Am Jur 2d, Robbery § 90.**

**Lesser-related state offense instructions: modern status. 50 ALR4th 1081.**

Appeal by defendant from judgments entered 12 July 1994 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 September 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

WALKER, Judge.

On 17 July 1993, at approximately 12:15 a.m., Robert Schisler, the owner of Tradewinds Skating Club, was preparing to leave the skating rink. He had with him a briefcase containing the night's receipts and some personal money. The skating rink had a sleeping apartment in the back where an employee, Jeffrey Clement, frequently stayed. As Schisler opened the back door out of the apartment, a man, later identified as the defendant, struck him with a stick (approximately two by two inches in size). Schisler tried to pull the door closed but defendant pushed open the door and entered the apartment. The owner fell back into Clement and pushed him into the other office. The defendant then entered the office "making animalistic sounds" and threatening to kill both men. Defendant chased the two men with the stick raised in his hand. Schisler ran through the game room which set off the motion detector. When the alarm sounded, Clement saw the defendant turn around and walk out the back door. Schisler then called the police but defendant was gone when they arrived.

An investigation revealed that $300, which had been laying on the desk in the apartment, was missing. Schisler described the intruder as having a full beard, kind of tall and thin, with a very distinctive look. Clement gave a similar description stating that the man had a full whitish beard, was approximately six feet tall and skinny, and had a strange walk. Schisler was then taken to the hospital where he received twenty-five stitches in the head.

Other convenience stores were alerted about the incident and asked to keep a lookout for a man fitting the description of defendant. On the afternoon of 30 October 1993, Clement spotted the defendant in the skating rink parking lot. He called the police but the

STATE v. BRANDON

[120 N.C. App. 815 (1995)]

defendant disappeared before they arrived. About fifteen minutes later, a clerk from a nearby convenience store called and told Clement that a man fitting the description of the defendant was in his store. The police were notified and Clement identified the defendant as the man who had assaulted Schisler and committed the robbery.

At trial, the defendant testified that he was not involved in the incident but admitted that he had been at the skating rink to look for work once before when he first arrived in Charlotte. Defendant stated that he heard from a police officer that the skating rink had been robbed by someone with a knife. Defendant further testified that he had been arrested some fifty times in the previous ten years for various misdemeanors but he. had no prior convictions for serious offenses.

Defendant was charged with attempted robbery with a dangerous weapon on Schisler. At trial, defendant requested an instruction on the lesser-included offense of attempted common law robbery which the trial court denied. The court instructed the jury on first degree burglary and attempted robbery with a dangerous weapon. Defendant was found guilty of both charges.

[1] For his first assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the charge of attempted robbery with a dangerous weapon based on insufficiency of the evidence. In ruling on defendant's motion to dismiss, the trial court must determine whether the State has offered substantial evidence of the defendant's guilt on every element of the crime charged. *State v. Corbett*, 307 N.C. 169, 182, 297 S.E.2d 553, 562 (1982). The trial court should consider such evidence in the light most favorable to the State. *State v. Easterling*, 300 N.C. 594, 604, 268 S.E.2d 800, 807 (1980).

Attempted robbery with a dangerous weapon is defined as: "(1) the unlawful attempted taking of personal property from another, (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means, and (3) danger or threat to the life of the victim." *State v. Torbit*, 77 N.C. App. 816, 817, 336 S.E.2d 122, 123 (1985), *appeal dismissed and cert. denied*, 316 N.C. 201, 341 S.E.2d 573 (1986). Defendant specifically contends that the State failed to offer substantial evidence that he had the requisite intent to unlawfully take personal property of another.

The State's evidence showed that defendant struck Schisler on the head with a stick while he was attempting to leave the skating rink with the night's receipts. After he was struck, Schisler tried to hide his briefcase, which contained the night's receipts, but the defendant entered the skating rink through the apartment and threatened Schisler and Clement. Three hundred dollars was missing from a desk in the apartment after the defendant fled. We conclude that this evidence, when viewed in the light most favorable to the State, is sufficient to give rise to a reasonable inference that defendant intended to deprive another of personal property.

[2] Defendant also contends that there was a variance between the indictment for first degree burglary and the evidence presented. N.C. Gen. Stat. § 14-51 (1993) defines first degree burglary as the breaking and entering, in the nighttime, of a dwelling house or sleeping apartment of another, which is actually occupied, with the intent to commit a felony therein. *See State v. Joyner*, 301 N.C. 18, 269 S.E.2d 125 (1980). Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. *State v. Bell*, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974).

In order for an indictment to sustain a verdict of guilty of burglary in the first degree, it must not only charge the burglarious entry with the intent at the time, but must also charge the felony intended to be committed with sufficient definiteness, though it is not necessary that the actual commission of the intended felony be charged or proven. *State v. Allen*, 186 N.C. 302, 306, 119 S.E. 504 (1923). Here Schisler and Clement both testified that defendant broke into the skating rink which had an apartment. Defendant struck Schisler on the head with a stick as he was leaving with a briefcase containing the night's receipts. Clement also testified that $300 laying on a desk in the apartment was gone after defendant left the skating rink. Thus, the State's evidence was sufficient to support the conviction of burglary in the first degree.

[3] Defendant's last assignment of error is that the trial court erred in failing to instruct the jury on the lesser-included offense of attempted common law robbery. "The essential difference between armed robbery and common law robbery is that the former is accomplished by the use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened." *State v. Lee*, 282 N.C. 566, 569, 193 S.E.2d 705, 707 (1973). Defendant specifically

argues that his alibi testimony entitled him to a charge on attempted common law robbery.

This argument was rejected by this Court in *State v. Coley*, 23 N.C. App. 374, 208 S.E.2d 886 (1974). In *Coley*, the defendant was charged with breaking and entering with intent to commit a felony. The evidence produced by the State was uncontradicted except for the alibi offered by the defendant. *Id.* at 375, 208 S.E.2d at 886. This Court upheld the trial court's refusal to charge on the lesser-included offense of non-felonious breaking and entering finding that defendant's denial of the charges did not entitle him to a lesser-included instruction. *Id.* at 375-376, 208 S.E.2d 887.

In the alternative, defendant argues that he was entitled to an instruction on the lesser-included offense because there was a question as to whether the stick was a dangerous weapon. We agree.

This Court has stated:

Common law robbery is accordingly a lesser included offense of armed robbery. . . . It is error to refuse to submit common law robbery to the jury where the evidence does not compel a finding that the weapon allegedly used is a dangerous weapon as a matter of law.

*State v. Smallwood*, 78 N.C. App. 365, 367, 337 S.E.2d 143, 144 (1985). This issue was raised by defendant in *State v. Jackson*, 85 N.C. App. 531, 355 S.E.2d 224 (1987). In *Jackson*, the defendant was convicted of attempted armed robbery based on his use of a hammer. *Id.* at 224-225, 355 S.E.2d at 531-532. On appeal, defendant argued that the trial court erred in failing to instruct on the lesser-included offense of common law robbery because the hammer was not found to be a dangerous weapon as a matter of law. This Court granted the defendant a new trial, stating:

the trial judge properly left the question of whether the hammer was a dangerous weapon to the jury. . . . Since the trial judge submitted the determination of the hammer's dangerousness to the jury, she clearly did not conclude that the hammer was a dangerous weapon as a matter of law. The evidence in the present case did not compel a finding that the hammer was a dangerous weapon. Therefore, we hold that the trial court erred in refusing to instruct the jury on the lesser included offense of common law robbery.

*Id.* at 532, 355 S.E.2d 225.

In the present case, the trial judge agreed to instruct the jury on the defense of alibi but refused to instruct on the lesser-included offense. During the charge conference the trial judge stated:

Now, it will only be robbery with a dangerous weapon, attempted robbery with a dangerous weapon and a first degree burglary, guilty or not guilty, no lesser included because he is claiming alibi. And when he claims alibi, he's entitled to no lesser included.

As a general rule, a trial court does not err in failing to submit a lesser-included offense to the jury where (1) there is no evidence to support such an instruction, and (2) the defendant claims alibi or generally denies committing the offense. *State v. Smith*, 315 N.C. 76, 337 S.E.2d 833 (1985). However, this rule should not be misinterpreted to mean that a lesser-included instruction may not be given whenever the defendant asserts alibi as a defense.

Here, as in *Jackson*, the evidence supported an instruction on the lesser-included offense because the trial judge did not find that the stick was a dangerous weapon as a matter of law. The court instructed the jury that a dangerous weapon is "a weapon which is likely to cause death or serious bodily injury" and properly submitted the issue of the stick's dangerousness to the jury. Accordingly, defendant was prejudiced by the court's failure to instruct on the lesser-included offense of common law robbery entitling him to a new trial on the charge of attempted robbery with a dangerous weapon.

No error as to defendant's conviction of first degree burglary (No. 93 CRS 81395).

New trial granted on the charge of attempted robbery with a dangerous weapon (No. 93 CRS 81398).

Judges MARTIN, JOHN C. and McGEE concur.