STATE OF NORTH CAROLINA
v.
REGINALD RASHARD SLADE
No. COA08-367
North Carolina Court of Appeals.
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Jason T. Campbell, for the State.
Brock, Payne & Meece, P.A., by Curtis Scott Holmes, for defendant-appellant.
Bryant, Judge.
Reginald Rashard Slade ("defendant") appeals from a judgment entered 13 September 2007, pursuant to a jury verdict finding him guilty of attempted robbery with a dangerous weapon.

Facts
At defendant's trial, the State's evidence tended to show that on 20 September 2006, Vlora Smith ("the victim") was in her car after leaving work when she saw two men approaching her car. She tried, but could not start the car. The men walked up to her car and stood at the driver's and passenger's front doors. The man at the driver's door, later identified as defendant's cousin, Damien Slade, put a gun to her head through the window of the car. The man at the passenger's door, identified as defendant, attempted toopen the door but could not because it was locked. Defendant told the victim to open the door but she did not. The victim testified that defendant looked around as if he was on the look-out for something. Defendant's cousin ordered the victim to give them money but she refused. Defendant then walked around the car and spoke to his cousin for several minutes. During the conversation, defendant's cousin held the gun to the victim's head. Eventually, the victim heard defendant say they had the wrong person and the two men ran to a gray Buick and drove away. The victim followed the men and wrote down the Buick's license plate number. The gray Buick was subsequently found abandoned on a railroad track.
Two days later, Detective Jack Steinberg spoke with defendant regarding defendant's report that a vehicle had been stolen during an armed robbery. Defendant reported that a gray Buick registered to his mother and having a license plate number matching that reported by the victim in this case had been stolen by two black males on 20 September 2006. Detective Steinberg spoke with the victim on 5 October 2006 and showed her a photographic lineup containing defendant's picture. The victim identified defendant as the man who stood at the passenger's door of her car during the attempted robbery.
Based on the victim's identification of defendant, Detective Steinberg obtained a warrant for defendant's arrest. Officers of the Greensboro Police department arrested defendant on 29 November 2006. Defendant gave statements to Detective Steinberg admittingthat he was present during the attempted robbery and that his cousin, Damien Slade, was his partner.
At trial, defendant took the stand in his own defense. Defendant testified that he was in possession of the gray Buick on 20 September 2006, the night of the attempted robbery. Defendant stated he was hanging out with his cousin who started the robbery without defendant's knowledge. Defendant testified that once he realized what his cousin was doing, he went over and convinced his cousin to abandon the robbery. Defendant testified that he panicked and left the Buick on the train tracks because he heard the police were looking for him and he admitted to lying to the police about the car being stolen.
On 29 August 2007, a jury found defendant guilty of attempted robbery with a dangerous weapon. The trial court sentenced defendant to an active term of forty-six to sixty-five months imprisonment. Defendant gave notice of appeal in open court.
Defendant presents two issues on appeal: (I) Whether the trial court erred by denying his motion to dismiss; and (II) whether the trial court erred by admitting evidence of defendant's prior conviction.

I
Defendant argues the trial court erred in denying his motion to dismiss the charges against him. Defendant contends the State only established his mere presence at the scene of the crime. We disagree. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense and that the defendant is the perpetrator. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). In considering a motion to dismiss, "the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). "[C]ontradictions and inconsistencies do not warrant dismissal; the trial court is not to be concerned with the weight of the evidence." State v. Lee, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). "In addition, the defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence." State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002). "[I]f the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion even though the evidence may also support reasonable inferences of the defendant's innocence." State v. Ford, 136 N.C. App. 634, 641, 525 S.E.2d 218, 223 (2000).
Here, the State tried defendant on the charge of attempted robbery with a dangerous weapon. "Attempted robbery with adangerous weapon is defined as: '(1) the unlawful attempted taking of personal property from another, (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means, and (3) danger or threat to the life of the victim.'" State v. Brandon, 120 N.C. App. 815, 817, 463 S.E.2d 798, 800 (1995) (quoting State v. Torbit, 77 N.C. App. 816, 817, 336 S.E.2d 122, 123 (1985), appeal dismissed and cert. denied, 316 N.C. 201, 341 S.E.2d 573 (1986)). A person is guilty of attempted robbery with a dangerous weapon if he aids or abets any person in the commission of the crime. See N.C. Gen. Stat. § 14-87(a) (2007).
At trial, the victim testified that defendant and his cousin approached her car and defendant walked to her passenger's door while his cousin came to the driver's door. The victim locked her doors but defendant's cousin stuck a gun through the partially open window and pointed it at the victim's head. The victim testified defendant was looking around to see if anyone was passing by and tried to open the passenger door, but the door was locked. Defendant asked the victim to open the door, and defendant's cousin grabbed the victim by the arm and threatened to shoot her if she did not give them money. Defendant came around the car and talked to his cousin for several minutes; defendant's cousin held the gun to the victim's head during the entire conversation. The victim testified that she heard defendant say they had the wrong person and defendant and his cousin took off running.
The victim's testimony establishes that defendant was not merely present at the crime scene, but an active participant in thecrime. This evidence is sufficient to send the charge of attempted robbery with a dangerous weapon to the jury. The trial court did not err in denying defendant's motion to dismiss and this assignment of error is overruled.

II
Defendant next argues the trial court committed plain error in allowing Detective Steinberg to testify that he located and arrested defendant while defendant was visiting his probation officer. Defendant contends the trial court admitted this testimony in violation of Rule 404(b) of the North Carolina Rules of evidence because the testimony had no probative value and constituted an inadmissible reference to defendant's probationary status. Because defendant did not object to the admission of this testimony, we review only for plain error. State v. Odom, 307 N.C. 655, 659, 300 S.E.2d 375, 378 (1983); N.C.R. App. P. 10(b)(2); N.C.R. App. P. 10(c)(4). "'The plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . .'"Odom, 307 N.C. at 660, 300 S.E.2d at 378 (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)).
Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity . . . ." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). However, this Court has held the admission of evidence of prior convictions which would be inadmissible under Rule 404(b) "was rendered harmless when defendant testified and was properly cross-examined about the convictions pursuant to Rule 609(a)" of the North Carolina Rules of Evidence. State v. Renfro, 174 N.C. App. 402, 407, 621 S.E.2d 221, 225 (2005), aff'd, 360 N.C. 395, 627 S.E.2d 463 (2006). Rule 609 provides:
For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter.
N.C. Gen. Stat. § 8C-1, Rule 609(a) (2007).
Here, defendant took the stand in his own defense and, on cross-examination, the State inquired about his previous convictions. Defendant stated he "got put on probation" for a conviction in Rockingham County for possession of cocaine. Thus, any possible error the trial court may have committed in permitting Detective Steinberg to testify regarding defendant's probation status was harmless. This assignment of error is overruled.
No error.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).