IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-586

Filed 05 July 2023

Randolph County, Nos. 18 CRS 055022, 18 CRS 055023, 18 CRS 055024,
19 CRS 206, 19 CRS 207

STATE OF NORTH CAROLINA

v.

WILLIE LEGRAND, JR. a/k/a WILLIE LEGRANDE, Defendant.

Appeal by Defendant from Judgment entered 02 September 2021 by Judge

James P. Hill, Jr. in Randolph County Superior Court. Heard in the Court of Appeals

21 March 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General John H.
> Schaeffer, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas
> C. Woomer-Deters, for Defendant-Appellant (allowed as substitute counsel by
> order filed 20 December 2022 and filed Defendant-Appellant's Reply Brief on 7
> February 2023; Record on Appeal and Defendant Brief filed by-Paul F. Herzog,
> allowed to withdraw as attorney of record by order filed 21 December 2022).*

RIGGS, Judge.

Defendant Willie Legrand, Jr., appeals from judgment following a jury verdict

convicting him of possession of firearm by a felon, attempted robbery with a

dangerous weapon, and attempted first-degree murder. Mr. Legrand raises three

issues on appeal. In his first two issues, Mr. Legrand argues the trial court erred in

denying his motion to dismiss the attempted armed robbery and attempted murder charges. Additionally, he argues the trial court erred in calculating his prior record level. After careful review, we hold the trial court did not err.

## I.  FACTUAL AND PROCEDURAL HISTORY

On 19 October 2018, Defendant Willie Legrand, Jr. approached Richard Jurgensen, who was leaving a convenience store and returning to his parked car in Asheboro, North Carolina. After Mr. Jurgensen got into his car, Mr. Legrand yanked on Mr. Jurgensen's locked driver's side door handle. When the door did not open, Mr. Legrand told Mr. Jurgensen to, "Open the door, open the door," and he tapped on Mr. Jurgensen's window with a revolver while motioning for Mr. Jurgensen to exit. Mr. Jurgensen believed his only option was to open the door when Mr. Legrand stated, "What's the matter with you? Do you want to get shot. [sic]."

Upon exiting the car, Mr. Jurgensen tried to grab the gun from Mr. Legrand because he noticed the revolver was not cocked, and they began to struggle over the revolver. Mr. Jurgenson shoved Mr. Legrand, causing him to fall to the ground. When Mr. Legrand fell, his right arm hit the ground and the gun fired. Mr. Jurgensen ran for the store while shouting, "Help, robbery, call 911." Mr. Legrand got back on his feet and raised the gun in Mr. Jurgensen's direction. He fired a second gunshot that struck the wall of the convenience store approximately six feet away from Mr. Jurgensen. Mr. Legrand then fired a third shot which Mr. Jurgensen said was aimed

above his head.  Police arrived at the store to investigate, but Mr. Legrand left the site before the police arrived.

The State issued two sets of indictments.  On 5 November 2018, the State charged Mr. Legrand with possession of firearm by a felon, attempted robbery with a dangerous weapon, second-degree kidnapping, and attempted first-degree murder.  On 3 June 2019, the State alleged in its second set of indictments that Mr. Legrand was a habitual felon and violent habitual felon.

A jury trial began 30 August 2021 in the Randolph County Superior Court.  The court denied Mr. Legrand's motion to dismiss all charges but later granted his renewed motion to dismiss the second-degree kidnapping charge.  On 2 September 2021, the jury returned a guilty verdict on the remaining charges.  Mr. Legrand pleaded guilty to the habitual felon and violent habitual felon charges.

The court proceeded with Mr. Legrand's sentencing on 2 September 2021.  The State introduced Mr. Legrand's "criminal history record" in Exhibits 20 through 24.  Mr. Legrand's criminal history included several federal felony convictions.  After reviewing the exhibits, the trial court found Mr. Legrand's out-of-state convictions were substantially similar to state offenses, noting:

> THE COURT: The [c]ourt, based upon the information presented, finds by preponderance of the evidence that any non-North Carolina offenses included in the stipulation as to prior conviction is substantially similar to North Carolina offenses, and North Carolina classification assigned to said respective offenses is accurate.  [The

c]ourt, therefore, concludes that defendant would be prior record level V for purposes of felony sentencing.

The trial court checked a box on Mr. Legrand's prior record level worksheet stating similar language:

> For each out-of-state conviction listed in Section V on the reverse, the [c]ourt finds by a preponderance of the evidence that the offense is substantially similar to a North Carolina offense and that the North Carolina classification assigned to this offense in Section V is correct.

At the conclusion of the sentencing portion of the trial, the court imposed two sentences of life without the possibility of parole for the convictions of attempted murder and attempted armed robbery. Additionally, the court sentenced Mr. Legrand to 127 to 165 months imprisonment for the conviction of possession of firearm by a felon. The court entered a written judgment consistent with the sentence delivered from the bench at the conclusion of the trial. Mr. Legrand gave an oral notice of appeal on the record.

## II. ANALYSIS

On appeal, Mr. Legrand argues the trial court improperly denied his motion to dismiss the attempted armed robbery and attempted murder charges for insufficient evidence. Additionally, Mr. Legrand argues the court improperly calculated his prior record level. After careful review, we hold the trial court did not err.

**A. Motion to Dismiss the Attempted Armed Robbery**

Mr. Legrand argues the State's evidence did not support the intent element of attempted armed robbery. He reasons the State's evidence did not show he made an express demand for money or property; therefore, evidence of intent was insufficient. We disagree.

### 1. *Standard of Review*

This Court reviews *de novo* whether a trial court erred in denying a motion to dismiss for insufficient evidence on each element of a criminal offense. *State v. Crockett,* 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016). "In ruling upon a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which may be drawn from the evidence." *State v. Poole*, 154 N.C. App. 419, 424, 572 S.E.2d 433, 437 (2002) (quoting *State v. Hairston*, 137 N.C. App. 352, 354, 528 S.E.2d 29, 30 (2000).

### 2. *Denial of motion to dismiss attempted armed robbery was proper*

Attempted robbery with a dangerous weapon requires "(1) the unlawful attempted taking of personal property from another, (2) the possession, use or threatened use of 'firearms or other dangerous weapon, implement or means,' and (3) danger or threat to the life of the victim." *State v. Wilson*, 203 N.C. App. 110, 114, 689 S.E.2d 917, 921 (2010) (quoting *State v. Torbit,* 77 N.C. App. 816, 817, 336 S.E.2d 122, 123 (1985)) (citation omitted). "The gravamen of the offense is the endangering or threatening of human life by the use or threatened use of firearms or other dangerous weapons in the perpetration of or even in the attempt to perpetrate the

crime of robbery." *State v. Ballard*, 280 N.C. 479, 485, 186 S.E.2d 372, 375 (1972). When reviewing a trial court's denial of a motion to dismiss for insufficient evidence, this Court considers "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Lee*, 218 N.C. App. 42, 56, 720 S.E.2d 884, 894 (2012).

Mr. Legrand argues that because there was no spoken demand for money or property, the evidence was insufficient to support a charge of attempted robbery. However, Mr. Legrand's conduct along with Mr. Jurgensen's testimony supports a reasonable inference of attempted armed robbery. In *State v. Poole*, this Court affirmed the lower court's denial of a motion to dismiss when the State presented evidence showing the defendant pointed a gun at the victim and said "give it up" when the two were in a parking lot. 154 N.C. App. at 423-255, 572 S.E.2d at 436-38. The Court held that this evidence was sufficient to support a reasonable inference of intent for attempted robbery. *Id.* at 425, 572 S.E.2d at 437-38.

Similarly, here, the jury heard testimony that Mr. Legrand tapped on Mr. Jurgensen's window with a revolver and demanded Mr. Jurgensen open his car door. Although Mr. Legrand argues his conduct could indicate his intent to commit crimes other than robbery, that argument fails because on these facts, a jury could reasonably infer an intent to commit attempted armed robbery. Specifically, based on this record, a jury could make a reasonable inference that Mr. Legrand made an

overt act in furtherance of an attempted armed robbery and that he did so by way of an implied demand coupled with his use of a gun.

Relying erroneously on *Powell*, *Smith*, and *Davis*, Mr. Legrand argues that because the encounter did not happen in a retail setting, a jury cannot reasonably infer intent for robbery from his words. *State v. Smith*, 300 N.C. 71, 265 S.E.2d 164 (1980); *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980); *State v. Davis*, 340 N.C. 1, 455 S.E.2d 627 (1995). However, Mr. Legrand misconstrues the central element of these decisions: "the gravamen of the offense is the endangering or threatening of human life by the use or threatened use of firearms or other dangerous weapons in the perpetration of or even in the attempt to perpetrate the crime of robbery"—not the location of that overt act. *Ballard*, 280 N.C. 479, 485, 186 S.E.2d 372, 375. *Cf. State v. Jacobs*, 31 N.C. App. 582, 584, 230 S.E.2d 550, 551-52 (1976) (holding evidence of an overt act was insufficient where the defendant made no gesture indicating an intent to touch, no threatened use of a gun, and no express or implied demand). Here, Mr. Legrand displayed a gun, threatened its use, and made an obvious implied demand. As in *Poole*, we find that, on these facts, a jury could make a reasonable inference of attempted robbery.

Accordingly, we affirm the ruling of the trial court denying the motion to dismiss.

**B. Motion to Dismiss the Attempted Murder Charge**

In his second issue on appeal, Mr. Legrand argues the trial court erred in denying the motion to dismiss the attempted murder charge for insufficient evidence of intent. We disagree.

### 1. *Standard of Review*

This Court considers whether a trial court erred in denying a motion to dismiss *de novo*. *State v. Crockett*, 368 N.C. at 720, 782 S.E.2d at 881.

### 2. *Denial of motion to dismiss attempted murder charge was proper*

To survive a motion to dismiss, the State must show sufficient evidence for each element of the attempted murder offense. *Lee*, 218 N.C. App. at 56, 720 S.E.2d at 894. "The essential elements of attempted first-degree murder are: (1) a specific intent to kill another person unlawfully; (2) an overt act calculated to carry out that intent, going beyond mere preparation; (3) the existence of malice, premeditation and deliberation accompanying the act; and (4) a failure to complete the intended killing." *State v. Foreman*, 270 N.C. App. 784, 789, 842 S.E.2d 184, 188 (2020) (quoting *State v. Cozart*, 131 N.C. App 199, 202-03, 505 S.E.2d 906, 909 (1998)).

Mr. Legrand argues that there was insufficient evidence for the jury to make a reasonable inference of the requisite intent. This Court has held intent to commit a felony may be inferred from the defendant's conduct during the incident in question. *State v. Lucas*, 234 N.C. App. 247, 254, 758 S.E.2d 672, 677 (2014) (citing *State v. Allah*, 231 N.C. App. 88, 92, 750 S.E.2d 903, 907 (2013)) (citation omitted). Where the State's evidence showed the accused fired multiple gunshots, then premeditation,

deliberation, and specific intent to kill may be inferred. *State v. Chapman*, 359 N.C. 328, 377, 611 S.E.2d 794, 829 (2005).

Mr. Legrand contends the intent for attempted murder could not be inferred because the first gunshot resulted from an accidental discharge, the second gunshot landed six feet away from Mr. Jurgensen, and the third gunshot went well over Mr. Jurgensen's head. Additionally, Mr. Legrand maintains his gunshots could be construed as his attempt to scare or warn Mr. Jurgensen after they struggled over Mr. Legrand's gun, and Mr. Jurgensen shoved Mr. Legrand to the ground.

These arguments are unavailing. The State met the intent element when it presented evidence showing Mr. Legrand fired multiple gunshots. *State v. Allen*, 233 N.C. App. 507, 512-13, 756 S.E.2d 852, 858 (2014); *see also Chapman*, 359 N.C. at 377, 611 S.E.2d at 829 (holding premeditation, deliberation, and intent for attempted murder may be inferred where the defendant fired six to eight shots); *State v. Cain*, 79 N.C. App. 35, 47, 338 S.E.2d 898, 905 (1986) ("The requisite 'intent to kill' can be reasonably inferred by the defendant's use of a .357 magnum revolver, fired numerous times."); *State v. Maddox*, 159 N.C. App. 127, 132, 583 S.E.2d 601, 604 (2003) (holding evidence of intent sufficient where the defendant fired at the victim when fleeing). Here, where the State's evidence showed that Mr. Legrand fired three gunshots, at least one of which was aimed at Mr. Jurgenson, the State presented sufficient evidence from which a jury could infer the requisite intent.

Mr. Legrand's next argument, centering on his contention that none of the bullets came close to hitting Mr. Jurgensen, is equally unavailing in light of this Court's ruling in *State v. Lyons.* 268 N.C. App. 603, 836 S.E.2d 917 (2019). In *Lyons*, this Court concluded that the jury could draw a reasonable inference of intent from the victim's testimony that the gun was pointed at her as she ducked just seconds before the gun was fired, regardless of whether the gun was actually pointed at her when the defendant pulled the trigger. *Id.* at 613, 836 S.E.2d at 924. The Court reasoned that "the standard of review on a motion to dismiss compels us to adopt the reasonable inference most favorable to the State from the evidence," which in that case was an inference that defendant aimed and fired a gun at the deputy, even though defendant argued he only fired a bullet to scare the deputy. *Id.* at 612-613, 836 S.E.2d at 924. Therefore, the Court affirmed the lower court's denial of the motion to dismiss.

This case tracks those facts from *Lyons*. Mr. Jurgensen saw Mr. Legrand aim his gun in Mr. Jurgensen's direction before firing the second gunshot. That alone establishes that the motion to dismiss was properly denied, but the jury heard further evidence from which it could have inferred that Mr. Legrand's ineffectual aim did not negate his intent, including the low lighting at the gas station and the fact that Mr. Legrand wore a hat that hung low over his face. The State presented sufficient evidence for a jury to reasonably infer the requisite intent. Therefore, we find no error in the lower court's ruling.

## C. Determination of Prior Record Level

On appeal, Mr. Legrand does not challenge the validity of his conviction for possession of a firearm by a felon but takes issue with his sentencing on that conviction. Therefore, we review only the sentencing as it pertains to his conviction for possession of firearm by a felon.

The trial court sentenced Mr. Legrand to a term of 127 to 165 months of active confinement for possession of a firearm by a felon based upon its findings that Mr. Legrand was a prior record level V and a habitual felon. Mr. Legrand argues the lower court erred in finding he was a prior record level V and argues he should be sentenced at a prior record level III status. Mr. Legrand argues that he is properly sentenced under prior record level III because the lower court could classify his out-of-state felony convictions as Class I felonies only, which, in turn, results in fewer points for the prior record level analysis. Mr. Legrand reasons the State failed to follow N.C. Gen. Stat. § 15A–1340.14(e), requiring the State to prove an out-of-state felony is substantially similar to a North Carolina offense before it attaches a more serious felony classification to an out-of-state offense. N.C. Gen. Stat. § 15A–1340.14(e) (2021).

### 1. *Standard of Review*

"The trial court's determination of a defendant's prior record level is a conclusion of law, which this Court reviews *de novo* on appeal." *State v. Threadgill*, 227 N.C. App. 175, 178, 741 S.E.2d 677, 679-80 (2013).

### 2. *Trial court properly considered prior offenses*

The transcript of Mr. Legrand's trial indicates the court found substantial similarity between the crimes after reviewing State's exhibits 20, 21, 22, 23, and 24.

> THE COURT: The [c]ourt, based upon the information presented, finds by preponderance of the evidence that any non-North Carolina offenses included in the stipulation as to prior conviction is substantially similar to North Carolina offenses, and North Carolina classification assigned to said respective offenses is accurate.

The court confirmed this statement when it checked a box confirming it made this finding on Mr. Legrand's prior record-level worksheet.

Mr. Legrand argues the lower court did not make a proper finding because there is nothing in the transcript of the sentencing hearing where the trial court recounted or detailed the evidence from the State proving substantial similarity between Mr. Legrand's out-of-state offenses and North Carolina offenses. Given the Court's indication of review in open court and its full execution of the sentencing worksheet finding substantial similarity, this Court presumes the trial court reached this finding properly. *State v. Harris,* 27 N.C. App. 385, 386-87, 219 S.E.2d 306, 307 (1975) (quoting *State v. Stafford,* 274 N.C. 519, 528, 164 S.E.2d 371, 377 (1968)) ("Unless the contrary is made to appear, it will be presumed that judicial acts and duties have been duly and regularly performed.") Mr. Legrand has submitted no evidence to the contrary, and thus has not carried his burden of overcoming the presumption of regularity. *See State v. Johnson*, 265 N.C. App. 85, 87, 827 S.E.2d

139, 141 (2019) ("If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of defendant's rights."). Therefore, we find no error.

## III.   CONCLUSION

After careful review of the issues, we hold that the State presented sufficient evidence of each element of the crimes such that a jury could make a reasonable inference of intent. Therefore, the trial court did not err by denying the motions to dismiss. Additionally, we hold that Mr. Legrand did not show that the trial court erred in finding his prior federal crimes were substantially similar to North Carolina crimes for purposes of sentencing.

NO ERROR.

Judges MURPHY and CARPENTER concur.